1648

Ex parte James W. "Bill" THOMAS, Respondent v. Albert P. GATHINGS, Personal Representative, Appellant. In Re ESTATE OF Bessie B. GATHINGS, Deceased.

(403 S.E. (2d) 682)

Court of Appeals

*Joseph M. Epting,* Irmo, *for appellant.*

*Douglas McKay, Jr.,* Columbia, *for respondent.*

Heard March 19, 1991.

Decided April 22, 1991.

SHAW, Judge:

This matter was initiated by respondent Thomas when he filed a claim against the estate of his mother, Bessie Gathings. Appellant, Albert Gathings, was Bessie's husband and executor of her estate. He denied the claim. The probate court allowed the claim and the circuit court affirmed. Gathings appeals. We affirm as modified.

Bessie Gathings died testate on August 5, 1987 and her husband became the duly appointed executor of her estate. Thomas filed a claim against his mother's estate for $20,000. He asserted Bessie had erroneously received this amount from the estate of Margueritte Bennett, Bessie's sister and Thomas' aunt, because it had been devised to him under a

later discovered will. Thomas elected to treat the debt as a loan to Bessie and sought satisfaction of it after Bessie's death. Thomas and his attorney, Mr. Bertrain, testified that they met with Gathings after Bessie's death and they came to an agreement that Gathings would make Thomas the beneficiary of a $20,000 life insurance policy so he could recoup the $20,000 Bessie had received. When Gathings failed to produce the insurance policy, Thomas filed his claim against the estate. Gathings denied the claim and Thomas petitioned the probate court for review.

The probate judge allowed the claim finding, at the time of her death, Bessie was indebted to Thomas in the amount of $20,000. He further found Gathings had agreed to name Thomas as beneficiary of a $20,000 life insurance policy in satisfaction of Thomas' claim but Gathings never furnished such a policy. He awarded Thomas a $20,000 judgment against Bessie's estate and ordered Gathings to show cause why he should not be personally liable for the $20,000. He also directed Gathings to deliver to Thomas "the household goods and furniture bequeathed to Mr. Thomas by the will of Bessie B. Gathings, which he has not already received."

Gathings appealed to the circuit court asserting as follows:

1. The court erred in allowing the claim of the creditor, James W. Thomas, in the amount of $20,000 in that said claim is not supported by the evidence rendered at the hearing.

2. The court erred in granting the claim of the creditor, James W. Thomas, in the amount of $20,000, in that the court failed to consider that said claim was not timely filed against the deceased prior to her death in accordance with the Statute of Limitations.

3. That the court erred in allowing the $20,000 claim by the creditor, James W. Thomas, in that said claim had been directly denied by the decedent prior to her death as indicated by the evidence.

4. That the court erred in granting the creditor, James W. "Bill" Thomas, the furniture and belongings other than paintings located in the house of the deceased, Bessie B. Gathings, in that it is uncontroverted that

said items were devised to the decedent's husband, Al Gathings, under the decedent's Last Will and Testament which had been admitted to probate.

5. That the court erred in requiring Mr. Gathings to show cause why he should not be personally liable under § 62-3-808 of the Probate Code because personal liability was not an issue before the court and no claim for personal liability was made by the creditor at the time of the filing of his written claim nor is there evidence to support personal liability.

6. That the court erred in allowing the claim of James W. Thomas and in further improperly allowing James W. Thomas to keep and receive assets not bequeathed to him under the will and not allowing the estate any set off against the said creditor's claim.

The circuit court issued a form order stating:

> Appeal heard. All exceptions overruled. Order of probate court affirmed.

Gathings raises four issues on appeal to this court. He first argues the probate court lacked jurisdiction over Thomas' claim. He asserts this action should have been removed to the circuit court because there existed a right to a trial by jury and the amount in controversy exceeded $5,000. We disagree.

At the time of Bessie's death and when Thomas filed his claim, S.C. Code Ann. § 62-1-302 (Cumm. Supp. 1990) provided in part:

> (c) Notwithstanding the exclusive jurisdiction of the probate court over the foregoing matters, any action or proceeding filed in the court and relating to the following subject matters shall be removed, not later than ten days following issues being joined, to the circuit court either by the court or on motion of any party, and in such cases the circuit court shall proceed upon the matter de novo:
>
> \* \* \* \* \* \*
>
> (5) actions in which a party has a right to trial by jury and which involve an amount in controversy of at least five thousand dollars in value.

We first note this jurisdictional issue was not raised before the circuit court on appeal from the probate court, but comes to this court for the first time on appeal. Further, while the statute uses the term "shall," removal to the circuit court is mandated only after a motion is made by one of the parties or by the probate court *sua sponte*. To read the statute as requiring removal without a motion would negate any reason for the phrase "or on motion of any party." We interpret the statute as requiring removal only where it is raised by motion of any party or by motion of the probate judge on his own. No motion for removal was made and the probate court therefore properly maintained jurisdiction.

Gathings next contends error in the probate court's order requiring him to show cause why he should not be personally liable. This issue was raised before the circuit court and, in his brief, Thomas concedes this point. We therefore modify the probate court order as relates to the personal liability of Gathings.

Gathings further contends the evidence was insufficient to grant the $20,000 claim. Without rehashing the testimony below, we find the evidence more than ample to support the $20,000 claim. As to arguments by Gathings about the competency of the evidence, we note he raises the issues of the Dead Man's Statute, estoppel and latches for the first time on appeal. Neither were any of these issues raised by exception. They, therefore, are not properly before us. *See* S.C. Code Ann. §§ 62-1-308(d) (Cumm. Supp. 1990) and 18-9-30 (1976).

Finally, Gathings alleges error in the order requiring transfer of personal property to Thomas arguing Bessie's will gave Thomas no immediate right to the furniture. Bessie's will provided as follows:

> I give, devise and bequeath unto my beloved husband, Al Gathings, my house and any household furnishings that he may desire to retain so long as he shall reside in the home. In the event that my beloved husband, Al Gathings, no longer desires to remain in the above mentioned house and vacates same, then and in that event I give, devise and bequeath my house and any household furnishings to my beloved son, Billy Thomas, to be his outright, absolute and in fee simple.

However, the order of the probate court did not alter this directive. It explicitly provided for delivery of any household goods and furniture "bequeathed to Mr. Thomas by the will." His order cannot and should not be read to require immediate delivery in contravention of Bessie's will.

For the foregoing reasons, the order below is

Affirmed as modified.

GARDNER and BELL, JJ., concur.